```
                              United States Bankruptcy Court
                              Middle District of Pennsylvania
In re:                                                                  Case No. 19-04441-RNO
Jason R. Beck                                                           Chapter 13
         Debtor              CERTIFICATE OF NOTICE
District/off: 0314-5          User: AutoDocke               Page 1 of 1             Date Rcvd: Jan 16, 2020
                              Form ID: pdf002               Total Noticed: 18
```

Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on
Jan 18, 2020.
```
db              Jason R. Beck,    1673 Summit Lake Rd,    Clarks Summit, PA  18411-9593
5258484         ATTN: Foreclosure,    425 Phillips Blvd,    Ewing, NJ  08618-1430
5258483         AmeriHome Mortgage,    PO Box 77404,    Ewing, NJ  08628-6404
5258481         Beck Jason R,    1673 Summit Lake Rd,    Clarks Summit, PA  18411-9593
5258486         KML Law Group,    701 Market St # 5000,    Philadelphia, PA  19106-1541
5258482         Law Office of Brian E Manning,    502 S Blakely St,    Dunmore, PA  18512-2237
5258487        +Marioitti Building Products,    1 Louis Industrial Dr,    Old Forge, PA 18518-2058
5285218        +MidFirst Bank,    999 Northwest Grand Boulevard,    Oklahoma City, OK 73118-6051
5258491       ++TOYOTA MOTOR CREDIT CORPORATION,    PO BOX 8026,    CEDAR RAPIDS IA 52408-8026
                (address filed with court: Toyota Financial Services,    PO Box 5855,
                  Carol Stream, IL  60197-5855)
5278790         Toyota Motor Credit Corporation,    c/o Becket and Lee LLP,    PO Box 3001,
                  Malvern  PA 19355-0701
```

Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.
```
cr             +E-mail/PDF: PRA_BK2_CASE_UPDATE@portfoliorecovery.com Jan 16 2020 19:57:59
                  PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5263229         E-mail/PDF: resurgentbknotifications@resurgent.com Jan 16 2020 19:34:49
                  Ashley Funding Services, LLC,    Resurgent Capital Services,    PO Box 10587,
                  Greenville, SC 29603-0587
5258485         E-mail/Text: bnc-capio@quantum3group.com Jan 16 2020 19:29:34      Capio Partners, LLC,
                  PO Box 3778,    Sherman, TX  75091-3778
5278206        +E-mail/Text: bankruptcydpt@mcmcg.com Jan 16 2020 19:29:35      Midland Funding LLC,
                  PO Box 2011,    Warren MI 48090-2011
5258489         E-mail/PDF: gecsedi@recoverycorp.com Jan 16 2020 19:34:06      Synchrony Bank,
                  Attn. Bankruptcy Department,    PO Box 965060,    Orlando, FL  32896-5060
5258488         E-mail/PDF: gecsedi@recoverycorp.com Jan 16 2020 19:34:40      Synchrony Bank,    PO Box 965064,
                  Orlando, FL  32896-5064
5258919        +E-mail/PDF: gecsedi@recoverycorp.com Jan 16 2020 19:34:40      Synchrony Bank,
                  c/o PRA Receivables Management, LLC,    PO Box 41021,    Norfolk, VA 23541-1021
5258490         E-mail/PDF: gecsedi@recoverycorp.com Jan 16 2020 19:34:40      Synchrony Bank/Home Design,
                  PO Box 960061,    Orlando, FL  32896-0061
                                                                                              TOTAL: 8

               ***** BYPASSED RECIPIENTS *****
NONE.                                                                                         TOTAL: 0
```

Addresses marked '+' were corrected by inserting the ZIP or replacing an incorrect ZIP.
USPS regulations require that automation-compatible mail display the correct ZIP.

Transmission times for electronic delivery are Eastern Time zone.

Addresses marked '++' were redirected to the recipient's preferred mailing address
pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.PR.2002(g)(4).

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.**

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed. R. Bank. P. 2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jan 18, 2020                                       Signature:  /s/Joseph Speetjens

---

## CM/ECF NOTICE OF ELECTRONIC FILING

The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email)
system on January 16, 2020 at the address(es) listed below:
```
              Brian E Manning    on behalf of Debtor 1 Jason R. Beck BrianEManning@comcast.net,
               G17590@notify.cincompass.com
              Charles J DeHart, III (Trustee)    TWecf@pamd13trustee.com
              James Warmbrodt    on behalf of Creditor    MIDFIRST BANK bkgroup@kmllawgroup.com
              United States Trustee    ustpregion03.ha.ecf@usdoj.gov
                                                                                             TOTAL: 4
```

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
JASON R. BECK

CHAPTER 13

CASE NO.      5:19-BK-04441

**Debtor(s)**

☒    ORIGINAL PLAN
1st, 2nd, 3rd   AMENDED PLAN (indicate #)
0    Number of Motions to Avoid Liens
0    Number of Motions to Value Collateral

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. **Plan Payments From Future Income**
   1. To date, the Debtor paid $ 0.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 50,400.00 plus other payments and property stated in § 1B below:

   | Start | End | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
   |---|---|---|---|---|---|
   | 12/2019 | 11/2024 | 840.00 | 0.00 | 840 | 50,400.00 |
   | | | | | Total Payments: | 50,400.00 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

   4. *Check One:*
      ☑ Debtor is at or under median income.

   B. **Additional Plan Funding From Liquidation of Assets/Other**

   5. The Debtor estimates that the liquidation value of this estate is $ Enter text here. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.) *Check One:*

      ☑ No assets will be liquidated.

2. **SECURED CLAIMS.**

   A. **Pre-Confirmation Distributions.** *Check One:*

2

☑ None.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check One:*

☐ None.
*If this is checked, the rest of § 2.B need not be completed or reproduced.*

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Midland Mortgage | Debtor's Residence | 3611 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check One:*

☐ None.
*If this is checked, the rest of § 2.C need not be completed or reproduced.*

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Midland Mortgage | Debtor's Residence | $42,707.36 | $0.00 | $42,707.36 |

3

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check One:*

   ☑ None.

E. **Secured claims for which a § 506 valuation is applicable.** *Check One:*

   ☑ None.

F. **Surrender of Collateral.** *Check One:*

   ☑ None.

G. **Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens*. *Check One:*

   ☑ None.

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. Attorney's fees. Complete only one of the following options:

      a. In addition to the retainer of $ 1,600.00 already paid by the Debtor, the amount of $ $2,710.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*

      ☑ None.

4

B. **Priority Claims (including certain Domestic Support Obligations).**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

C. **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one:*

☑ None.

4. **UNSECURED CLAIMS.**

    A. **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one:*

    ☑ None.

    B. **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*

    ☑ None.

6. **VESTING OF PROPERTY OF THE ESTATE.**

    **Property of the estate will vest in the Debtor upon**

    *Check the applicable line:*

    ☒ plan confirmation.
    ☐ entry of discharge.
    ☐ closing of case.

7. **DISCHARGE:** *(Check one)*

    ☒ The debtor will seek a discharge pursuant to § 1328(a).
    ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

5

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: Enter text here

Level 2: Enter text here

Level 3: Enter text here

Level 4: Enter text here

Level 5: Enter text here

Level 6: Enter text here

Level 7: Enter text here

Level 8: Enter text here

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS.**

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

None

Dated: November 12, 2019                                  <u>Brian E. manning, Esquire</u>
                                                          Attorney for Debtor

                                                          <u>Jason R. Beck</u>

Debtor

[Enter text here](#)
Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

7