# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case No. 5-19-004441 |
| JASON R. BECK | Chapter 13 |
| Debtor | Robert N. Opel, II, B.J. |

## NOTICE OF FILING OF FIRST AMENDED PLAN

**To: Creditors, Parties in Interest and the Office of the United States Trustee**

**NOTICE IS HEREBY GIVEN THAT** the Debtor In the above matter has filed a **First Amended Plan**. A copy of the **First Amended Plan** is included with this Notice.

A confirmation Hearing on the **First Amended** Plan has been scheduled for

**Date: May 6, 2020, at 9:30 a.m.**
**Time 9:30 a.m.**
**Place: Courtroom No. 2**
**United States Bankruptcy Court**
**Max Rosenn U.S. Courthouse**
**197 S. Main St.**
**Wilkes-Barre, PA 18701**

Any objection/response to the **First Amended Plan** must be filed with the Court and served upon counsel for the Debtor at the address listed below, on or before **April 29, 2020.** Any filing must conform to the Rules of Bankruptcy Procedure, unless the Court determines otherwise. Any objections to confirmation of the plan will be heard at the above-scheduled confirmation hearing. Counsel should be prepared to proceed on any unresolved objections to the plan at this time.

If Service was properly made and any creditor or other party in interest failed to file an objection/response by the above specified date, the Court may determine after review of the **First Amended Plan** that no hearing is required and confirm the **First Amended Plan**.

Brian E. Manning, Esquire
**Law Office of Brian E. Manning**
502 S. Blakely St., Suite B
Dunmore, PA 18512
Tel. 570-558-1126
Fax 866-559-9808
Email: brianemanning@comcast.net
Attorney for the Debtor(s)

Date of Mailing: April 2, 2020

Rev 12/01/18

LOCAL BANKRUPTCY FORM 3015-1

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
JASON R. BECK

**Debtor(s)**

CHAPTER 13

CASE NO.     5:19-BK-04441

☐ ORIGINAL PLAN
1st    AMENDED PLAN (indicate #)
0      Number of Motions to Avoid Liens
0      Number of Motions to Value Collateral

2

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

   A. <u>**Plan Payments From Future Income**</u>
   1. To date, the Debtor paid $ 2,520.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 56,380.44 plus other payments and property stated in § 1B below:

   | Start | End | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
   |---|---|---|---|---|---|
   | 03/2020 | 11/2024 | 944.92 | 0.00 | 944.92 | 53,860.44 |
   | | | | | Total Payments: | 53,860.44 |

   2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

   3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

   4. *Check One:*
      ☑ Debtor is at or under median income.

   B. <u>**Additional Plan Funding From Liquidation of Assets/Other**</u>

   5. The Debtor estimates that the liquidation value of this estate is $ Enter text here. (Liquidation value is calculated as the value of all non-exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)   *Check One:*

      ☑ No assets will be liquidated.

2. **SECURED CLAIMS.**

   A. <u>**Pre-Confirmation Distributions**</u>.  *Check One:*

      ☑ None.

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.**   *Check One:*

☐ None.
*If this is checked, the rest of § 2.B need not be completed or reproduced.*

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Midland Mortgage | Debtor's Residence | 3611 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).**   *Check One:*

☐ None.
*If this is checked, the rest of § 2.C need not be completed or reproduced.*

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Midland Mortgage | Debtor's Residence | $42,707.36 | $5,837.48 | $48,544.84 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)**   *Check One:*

3

☑ None.

**E. Secured claims for which a § 506 valuation is applicable.** *Check One:*

☑ None.

**F. Surrender of Collateral.** *Check One:*

☑ None.

**G. Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens*. *Check One:*

☑ None.

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. Attorney's fees. Complete only one of the following options:

      a. In addition to the retainer of $ 1,600.00 already paid by the Debtor, the amount of $ $2,710.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c); or

      b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*

      ☑ None.

   B. **Priority Claims (including certain Domestic Support Obligations).**

   Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full

unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|   |   |

    **C. Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one:*

        ☑ None.

**4. UNSECURED CLAIMS.**

    **A. Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one:*

        ☑ None.

    **B. Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

**5. EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*

        ☑ None.

**6. VESTING OF PROPERTY OF THE ESTATE.**

**Property of the estate will vest in the Debtor upon**

*Check the applicable line:*

    ☒ plan confirmation.
    ☐ entry of discharge.
    ☐ closing of case.

**7. DISCHARGE:** *(Check one)*

    ☒ The debtor will seek a discharge pursuant to § 1328(a).
    ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

**8. ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date,

the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: Enter text here

Level 2: Enter text here

Level 3: Enter text here

Level 4: Enter text here

Level 5: Enter text here

Level 6: Enter text here

Level 7: Enter text here

Level 8: Enter text here

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

**9. NONSTANDARD PLAN PROVISIONS.**

Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

None

Dated: March 5, 2020                     /s/Brian E. manning, Esquire
                                         Attorney for Debtor

                                         /s/Jason R. Beck
                                         Debtor

                                         Enter text here
                                         Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| IN RE: JASON R BECK | CASE NO: 19-004441 |
|---|---|
| | **DECLARATION OF MAILING CERTIFICATE OF SERVICE** |
| | Chapter: 13 |

On 4/2/2020, I did cause a copy of the following documents, described below,

Notice of First Amended Plan

First Amended Chapter 13 Plan

to be served for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

I caused these documents to be served by utilizing the services of BK Attorney Services, LLC d/b/a certificateofservice.com, an Approved Bankruptcy Notice Provider authorized by the United States Courts Administrative Office, pursuant to Fed.R. Bankr.P. 9001(9) and 2002(g)(4). A copy of the declaration of service is attached hereto and incorporated as if fully set forth herein.

Parties who are participants in the Courts Electronic Noticing System ("NEF"), if any, were denoted as having been served electronically with the documents described herein per the ECF/PACER system.

DATED: 4/2/2020

/s/ Brian E. Manning
Brian E. Manning  41652
Law Office of Brian E. Manning
502 South Blakely St.
Dunmore, PA  18512
570 558 1126

UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF PENNSYLVANIA

IN RE: JASON R BECK

CASE NO: 19-004441

**CERTIFICATE OF SERVICE**
**DECLARATION OF MAILING**

Chapter: 13

On 4/2/2020, a copy of the following documents, described below,

Notice of First Amended Plan

First Amended Chapter 13 Plan

were deposited for delivery by the United States Postal Service, via First Class United States Mail, postage prepaid, with sufficient postage thereon to the parties listed on the mailing matrix exhibit, a copy of which is attached hereto and incorporated as if fully set forth herein.

The undersigned does hereby declare under penalty of perjury of the laws of the United States that I have served the above referenced document(s) on the mailing list attached hereto in the manner shown and prepared the Declaration of Certificate of Service and that it is true and correct to the best of my knowledge, information, and belief.

DATED: 4/2/2020

_____
Jay S. Jump
BK Attorney Services, LLC
d/b/a certificateofservice.com, for
Brian E. Manning
Law Office of Brian E. Manning
502 South Blakely St.
Dunmore, PA 18512

PARTIES DESIGNATED AS "EXCLUDE" WERE NOT SERVED VIA USPS FIRST CLASS MAIL
PARTIES WITH A '+' AND DESIGNATED AS "CM/ECF E-SERVICE" RECEIVED ELECTRONIC NOTICE THROUGH THE CM/ECF SYSTEM

| | | |
|---|---|---|
| CASE INFO<br> LABEL MATRIX FOR LOCAL NOTICING<br>03145<br>CASE 5-19-BK-04441-RNO<br>MIDDLE DISTRICT OF PENNSYLVANIA<br>WILKES-BARRE<br>THU APR 2 10-45-08 EDT 2020 | ATTN FORECLOSURE<br>425 PHILLIPS BLVD<br>EWING NJ 08618-1430 | AMERIHOME MORTGAGE<br>PO BOX 77404<br>EWING NJ 08628-6404 |
| ASHLEY FUNDING SERVICES LLC<br>RESURGENT CAPITAL SERVICES<br>PO BOX 10587<br>GREENVILLE SC 29603-0587 | DEBTOR<br><br>JASON R BECK<br>1673 SUMMIT LAKE RD<br>CLARKS SUMMIT PA 18411-9593 | BECK JASON R<br>1673 SUMMIT LAKE RD<br>CLARKS SUMMIT PA 18411-9593 |
| CAPIO PARTNERS LLC<br>PO BOX 3778<br>SHERMAN TX 75091-3778 | CHARLES J DEHART III TRUSTEE<br>8125 ADAMS DRIVE SUITE A<br>HUMMELSTOWN PA 17036-8625 | KML LAW GROUP<br>701 MARKET ST 5000<br>PHILADELPHIA PA 19106-1541 |
| LAW OFFICE OF BRIAN E MANNING<br>502 S BLAKELY ST<br>DUNMORE PA 18512-2237 | BRIAN E MANNING<br>502 SOUTH BLAKELY STREET<br>SUITE B<br>DUNMORE PA 18512-2237 | MARIOITTI BUILDING PRODUCTS<br>1 LOUIS INDUSTRIAL DR<br>OLD FORGE PA 18518-2058 |
| MIDFIRST BANK<br>999 NORTHWEST GRAND BOULEVARD<br>OKLAHOMA CITY OK 73118-6051 | MIDLAND FUNDING LLC<br>PO BOX 2011<br>WARREN MI 48090-2011 | PRA RECEIVABLES MANAGEMENT LLC<br>PO BOX 41021<br>NORFOLK VA 23541-1021 |
| SYNCHRONY BANK<br>ATTN BANKRUPTCY DEPARTMENT<br>PO BOX 965060<br>ORLANDO FL 32896-5060 | SYNCHRONY BANK<br>PO BOX 965064<br>ORLANDO FL 32896-5064 | SYNCHRONY BANK<br>CO PRA RECEIVABLES MANAGEMENT LLC<br>PO BOX 41021<br>NORFOLK VA 23541-1021 |
| SYNCHRONY BANKHOME DESIGN<br>PO BOX 960061<br>ORLANDO FL 32896-0061 | TOYOTA MOTOR CREDIT CORPORATION<br>PO BOX 8026<br>CEDAR RAPIDS IA 52408-8026 | TOYOTA MOTOR CREDIT CORPORATION<br>CO BECKET AND LEE LLP<br>PO BOX 3001<br>MALVERN PA 19355-0701 |
| UNITED STATES TRUSTEE<br>228 WALNUT STREET SUITE 1190<br>HARRISBURG PA 17101-1722 | JAMES WARMBRODT<br>701 MARKET STREET SUITE 5000<br>PHILADEPHIA PA 19106-1541 | |