# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case No. 5-19-04441 |
| JASON R. BECK | Chapter 13 |
| Debtor | Robert N. Opel, II, B.J. |

## DEBTOR'S FIRST MOTION TO MODIFY CONFIRMED PLAN

AND NOW, comes the above captioned Debtor, by and through counsel, Brian E, Manning, Esquire, and files the following Motion and in support thereof alleges:

1. The Above captioned case was filed on or about October 14, 2019.

2. On April 1, 2020, the Debtor filed a First Amended Chapter 13 Plan, which was confirmed by Order of this Honorable Court on May 7, 2020.

3. A true and correct copy of the proposed Second Amended Plan is attached hereto, made a part hereof and marked as Exhibit "A".

4. The Second Amended Plan only alters the amount of the payment the Chapter 13 Trustee as the Debtor was unable to make his scheduled payments to the Trustee due to the negative impact the Covid 19 restrictions had on his income in that his working hours were cut beginning in the month of March 2020.

5. The Second Amended Plan and does not affect the payment or treatment of any creditor's claims as compared with the confirmed First Amended Plan.

6. Debtor submits that the changes to the Plan are such that he should be excused from providing notice to all creditors of the proposed Second Amended Plan.

WHEREFORE, the Debtor respectfully request that this Court enter an Order granting the instant Motion to Modify the confirmed Chapter 13 Plan of the Debtor and granting the Debtor such other and further relief as the Court deems just and appropriate under the circumstances.

Respectfully Submitted,
**Law Offices of Brian E. Manning**
/s/ Brian E. Manning
Brian E. Manning, Esquire
502 S. Blakely, St., Suite B
Dunmore, PA 18512
Tel. 570-558-1126
Fax 866-559-9808
Attorney for the Dbtors

Dated: September 29, 2020

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | Case No. 5-19-04441 |
| JASON R. BECK | Chapter 13 |
| Debtor | Robert N. Opel, II, B.J. |

## ORDER GRANTING DEBTOR'S FIRST MOTION TO MODIFY A CONFIRMED PLAN

AND NOW, upon consideration of the Debtor'S Motion and based upon the Certification of counsel in accordance with L.B.F. 3015-2(b) and there being no objection to the Motion filed by the Chapter 13 Trustee, it is hereby

ORDERED and DECREED that the Motion of the Debtor seeking to Modify a Confirmed Plan is hereby GRANTED and the First Amended Plan filed by the Debtor on April 1, 2020, and confirmed by Order dated May 7, 2020, is hereby modified as set forth in the Second Amended Plan which is attached to the Debtor's Motion and Marked as Exhibit "A".

# LOCAL BANKRUPTCY FORM 3015-1

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

IN RE:
JASON R. BECK

**Debtor(s)**

CHAPTER 13

CASE NO.  5:19-BK-04441

☐ ORIGINAL PLAN
2nd  AMENDED PLAN (indicate #)
0  Number of Motions to Avoid Liens
0  Number of Motions to Value Collateral

**2**

## CHAPTER 13 PLAN

### NOTICES

Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both boxes are checked or if neither box is checked, the provision will be ineffective if set out later in the plan.

| 1 | The plan contains nonstandard provisions, set out in § 9, which are not included in the standard plan as approved by the U.S. Bankruptcy Court for the Middle District of Pennsylvania. | ☐ Included | ☒ Not Included |
|---|---|---|---|
| 2 | The plan contains a limit on the amount of a secured claim, set out in § 2.E, which may result in a partial payment or no payment at all to the secured creditor. | ☐ Included | ☒ Not Included |
| 3 | The plan avoids a judicial lien or nonpossessory, nonpurchase- money security interest, set out in § 2.G | ☐ Included | ☒ Not Included |

### YOUR RIGHTS WILL BE AFFECTED

READ THIS PLAN CAREFULLY. If you oppose any provision of this plan, you must file a timely written objection. This plan may be confirmed and become binding on you without further notice or hearing unless a written objection is filed before the deadline stated on the Notice issued in connection with the filing of the plan.

**Exhibit "A"**

1

1. **PLAN FUNDING AND LENGTH OF PLAN.**

    A. <u>**Plan Payments From Future Income**</u>
    1. To date, the Debtor paid $ 2,520.00 (enter $0 if no payments have been made to the Trustee to date). Debtor shall pay to the Trustee for the remaining term of the plan the following payments. If applicable, in addition to monthly plan payments, Debtor shall make conduit payments through the Trustee as set forth below. The total base plan is $ 56,930.32 plus other payments and property stated in § 1B below:

    | Start | End | Plan Payment | Estimated Conduit Payment | Total Monthly Payment | Total Payment Over Plan Tier |
    |---|---|---|---|---|---|
    | 10/2020 | 11/2024 | 944.92 | 0.00 | 944.92 | 53,860.44 |
    |  |  |  |  | Total Payments: | 53,860.44 |

    2. If the plan provides for conduit mortgage payments, and the mortgagee notifies the Trustee that a different payment is due, the Trustee shall notify the Debtor and any attorney for the Debtor, in writing, to adjust the conduit payments and the plan funding. Debtor must pay all post-petition mortgage payments that come due before the initiation of conduit mortgage payments.

    3. Debtor shall ensure that any wage attachments are adjusted when necessary to conform to the terms of the plan.

    4. *Check One:*
        ☑ Debtor is at or under median income.

    B. <u>**Additional Plan Funding From Liquidation of Assets/Other**</u>

    5. The Debtor estimates that the liquidation value of this estate is $ Enter text here. (Liquidation value is calculated as the value of all non- exempt assets after the deduction of valid liens and encumbrances and before the deduction of Trustee fees and priority claims.)    *Check One:*

        ☑ No assets will be liquidated.

2. **SECURED CLAIMS.**

    A. <u>**Pre-Confirmation Distributions**</u>.  *Check One:*

        ☑ None.

2

Rev 12/01/18

B. **Mortgages (Including Claims Secured by Debtor's Principal Residence) and Other Direct Payments by Debtor.** *Check One:*

☐ None.
*If this is checked, the rest of § 2.B need not be completed or reproduced.*

☒ Payments will be made by the Debtor directly to the creditor according to the original contract terms, and without modification of those terms unless otherwise agreed to by the contracting parties. All liens survive the plan if not avoided or paid in full under the plan.

| Name of Creditor | Description of Collateral | Last Four Digits of Account Number |
|---|---|---|
| Midland Mortgage | Debtor's Residence | 3611 |

C. **Arrears (Including, but not limited to, claims secured by Debtor's principal residence).** *Check One:*

☐ None.
*If this is checked, the rest of § 2.C need not be completed or reproduced.*

☒ The Trustee shall distribute to each creditor set forth below the amount of arrearages in the allowed claim. If post-petition arrears are not itemized in an allowed claim, they shall be paid in the amount stated below. Unless otherwise ordered, if relief from the automatic stay is granted as to any collateral listed in this section, all payments to the creditor as to that collateral shall cease, and the claim will no longer be provided for under § 1322(b)(5) of the Bankruptcy Code:

| Name of Creditor | Description of Collateral | Estimated Pre-petition Arrears to be Cured | Estimated Postpetition Arrears to be Cured | Estimated Total to be paid in plan |
|---|---|---|---|---|
| Midland Mortgage | Debtor's Residence | $42,707.36 | $5,837.48 | $48,544.84 |

D. **Other secured claims (conduit payments and claims for which a § 506 valuation is not applicable, etc.)** *Check One:*

☑ None.

**E. Secured claims for which a § 506 valuation is applicable.** *Check One:*

☑ None.

**F. Surrender of Collateral.** *Check One:*

☑ None.

**G. Lien Avoidance.** *Do not use for mortgages or for statutory liens, such as tax liens*. *Check One:*

☑ None.

3. **PRIORITY CLAIMS.**

   A. **Administrative Claims**

   1. Trustee's Fees. Percentage fees payable to the Trustee will be paid at the rate fixed by the United States Trustee.

   2. Attorney's fees. Complete only one of the following options:

      a. In addition to the retainer of $ 1,600.00 already paid by the Debtor, the amount of $ $3,210.00 in the plan. This represents the unpaid balance of the presumptively reasonable fee specified in L.B.R. 2016-2(c)[1]; or

      b. $ Enter text here per hour, with the hourly rate to be adjusted in accordance with the terms of the written fee agreement between the Debtor and the attorney. Payment of such lodestar compensation shall require a separate fee application with the compensation approved by the Court pursuant to L.B.R. 2016-2(b).

   3. Other. Other administrative claims not included in §§ 3.A.1 or 3.A.2 above. *Check one:*

      ☑ None.

---

[1] This amount includes an additional $500.00 for preparing and filing the Motion to Modify a confirmed Plan.

4

B.  **Priority Claims (including certain Domestic Support Obligations).**

Allowed unsecured claims entitled to priority under § 1322(a) will be paid in full unless modified under §9.

| Name of Creditor | Estimated Total Payment |
|---|---|
|  |  |

C.  **Domestic Support Obligations assigned to or owed to a governmental unit under 11 U.S.C. §507(a)(1)(B).** *Check one:*

☑ None.

4. **UNSECURED CLAIMS.**

   A.  **Claims of Unsecured Nonpriority Creditors Specially Classified.** *Check one:*

   ☑ None.

   B.  **Remaining allowed unsecured claims will receive a pro-rata distribution of funds remaining after payment of other classes.**

5. **EXECUTORY CONTRACTS AND UNEXPIRED LEASES.** *Check one:*

   ☑ None.

6. **VESTING OF PROPERTY OF THE ESTATE.**

   **Property of the estate will vest in the Debtor upon**

   *Check the applicable line:*

   ☒ plan confirmation.
   ☐ entry of discharge.
   ☐ closing of case.

7. **DISCHARGE:** *(Check one)*

   ☒ The debtor will seek a discharge pursuant to § 1328(a).
   ☐ The debtor is not eligible for a discharge because the debtor has previously received a discharge described in § 1328(f).

8. **ORDER OF DISTRIBUTION:**

If a pre-petition creditor files a secured, priority or specially classified claim after the bar date, the Trustee will treat the claim as allowed, subject to objection by the Debtor.

Payments from the plan will be made by the Trustee in the following order:

Level 1: Enter text here

Level 2: Enter text here

Level 3: Enter text here

Level 4: Enter text here

Level 5: Enter text here

Level 6: Enter text here

Level 7: Enter text here

Level 8: Enter text here

*If the above Levels are filled in, the rest of § 8 need not be completed or reproduced.* If the above Levels are not filled-in, then the order of distribution of plan payments will be determined by the Trustee using the following as a guide:

Level 1: Adequate protection payments.
Level 2: Debtor's attorney's fees.
Level 3: Domestic Support Obligations.
Level 4: Priority claims, pro rata.
Level 5: Secured claims, pro rata.
Level 6: Specially classified unsecured claims.
Level 7: Timely filed general unsecured claims.
Level 8: Untimely filed general unsecured claims to which the Debtor has not objected.

9. **NONSTANDARD PLAN PROVISIONS.**
Include the additional provisions below or on an attachment. Any nonstandard provision placed elsewhere in the plan is void. (NOTE: The plan and any attachment must be filed as one document, not as a plan and exhibit.)

None

Dated: March 5, 2020                              /s/Brian E. manning, Esquire
                                                  Attorney for Debtor

                                                  /s/Jason R. Beck
                                                  Debtor

                                                  Enter text here

Joint Debtor

By filing this document, the debtor, if not represented by an attorney, or the Attorney for Debtor also certifies that this plan contains no nonstandard provisions other than those set out in § 9.